**CAESARS WORLD, INC., Plaintiff,**

v.

**CAESARS–PALACE.COM,
et al., Defendants.**

No. Civ.A. 99–550–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Mar. 3, 2000.

John F. Anderson, Richards McGettigan Reilly & West, PC, Alexandria, VA, for plaintiff.

Charles F.B. McAleer, Jr., Miller & Chevalier, Washington, DC, for Casares.Com, Casare.Org., Casaresforfree.Com.

Henrik Jonathan Redway, Burns, Doane, Swecker & Mathis, Alexandria, VA, for Caesarsonline.Com

Hotelcasesar.Net, c/o Tone Haugland, Oslo, Norway, for Hotelcaesar.Net, Hotelcaesar.Org.

Scott E. Barat, Shaw Pittman, McLean, VA, for Forumshopsatcaesars.Com., Forumshopsatcaesers.Org.

James William Pravel, Pravel Intellectual Property Law, P.C., Alexandria, VA, for Caesarcasino.Com.

## ORDER

BRYAN, District Judge.

This matter is before the court on two motions: the motions to dismiss of defendant Casares.com and of defendant Caesarcasino.com. Upon consideration of the parties' submissions and for the reasons set forth below, it is hereby

ORDERED that defendants' motions are DENIED.

### Background

On April 19, 1999, plaintiff brought this action against a multitude of domain names, alleging violations of the Lanham Act. An amendment to that act, the Anticybersquatting Consumer Protection Act, which allows an "owner of a mark" to bring an *in rem* action against domain names in certain circumstances, became law on November 29, 1999. 15 U.S.C. § 1125(d). With leave of court, plaintiff amended its first amended complaint to assert its claim under this new act and to invoke its provisions for *in rem* jurisdiction.

Two of the defendants, Casares.com [1] and Caesarcasino.com, have moved for dismissal of the second amended complaint. Defendant Casares.com argues that the complaint should be dismissed for lack of *in rem* jurisdiction. In particular, Casares.com argues that the *in rem* provisions of the Anticybersquatting Consumer Protection Act are unconstitutional, both facially and as applied.[2] Defendant Casares.com argues further, though briefly, that plaintiff has failed to state a claim upon which relief could be granted and that the complaint should be dismissed under Fed.R.Civ.P. 12(b)(6).

Defendant Caesarcasino.com, like defendant Casares.com, argues that the complaint should be dismissed on constitutional grounds and particularly, that it would violate due process for this court to exercise *in rem* jurisdiction over these defendants. They also argue that, constitutional questions aside, plaintiff has failed to meet the procedural requirements for bringing an *in rem* action under the Anticybersquatting Act itself. As discussed below, the court rejects defendants' arguments and denies their motions to dismiss.

### Discussion

I. Constitutional Challenge

The Anticybersquatting Act allows for *in rem* proceedings by the owner of a

---

1. The motion by defendant Casares.com was brought by a number of other defendants as well, Caesares.com, Ceasares.com, Ceasares.net, Caesares.net, Ceasares.org., Caesaeres.org, and others. These defendants are all domain names that belong to Netgame, Inc. For ease of reference in this order, the single domain name Casares.com shall refer to all of Netgame's domain names.

2. Defendant Casares.com also has argued, in the alternative, that this court does not have personal jurisdiction over the Netgame defendants. Jurisdiction in this case is solely brought on an *in rem* basis. As such, personal jurisdiction is not at issue and is not addressed herein.

mark against a domain name in the judicial district in which the domain name register, domain name registry, or other domain name authority that registered or assigned the domain name is located if (I) the domain name violates any right of the owner of a registered or protected mark; and (ii) the court finds that the owner either (I) is not able to obtain *in personam* jurisdiction over an allowed defendant;[3] or (II) through due diligence was not able to find a person who would have been an allowed defendant after meeting certain notice requirements set out in the Act. 15 U.S .C. § 1125(d)(2)(A). With respect to the defendants whose motions are pending, (I) above applies. The question before this court, therefore, is whether *in rem* jurisdiction over defendants who are not subject to the personal jurisdiction of this court, or any other, meets the due process standards under the Constitution.

In this regard, defendant Casares.com argues that under *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), *in rem* jurisdiction is only constitutional in those circumstances where the res provides minimum contacts sufficient for *in personam* jurisdiction. The court rejects this argument, and concludes that under *Shaffer*, there must be minimum contacts to support personal jurisdiction only in those *in rem* proceedings where the underlying cause of action is unrelated to the property which is located in the forum state. Here the property, that is, the domain name, is not only related to the cause of action but is its entire subject matter. Accordingly, it is unnecessary for minimum contacts to meet personal jurisdiction standards.

To the extent that minimum contacts are required for *in rem* jurisdiction under *Shaffer*, moreover, the fact of domain name registration with Network Solutions, Inc., in Virginia supplies that .[4] Given the limited relief afforded by the Act, namely "the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark," no due process violation occurs here as to defendants personally. 15 U.S.C. § 1125(d)(2)(D). The court considers the enactment of the Anticybersquatting Consumer Protection Act a classic case of the distinction between *in rem* jurisdiction and *in personam* jurisdiction and a proper and constitutional use of *in rem* jurisdiction.[5]

■ In further support of its constitutional challenge, defendant Casares.com argues that a domain name registration is not a proper kind of thing to serve as a res. In this regard, defendant contends, among other things, a domain name is merely data that forms part of an Internet addressing computer protocol and therefore, is not property. Defendant Casares.com contends further that even if it were property, it has no situs in Virginia. The court finds this line of argument unpersuasive. There is no prohibition on a legislative body making something property. Even if a domain name is no more than data, Congress can make data property and assign its place of registration as its situs.

■ To a large extent, the due process concerns raised by defendant Caesarcasino.com overlap with those raised by defendant Casares.com, and therefore are addressed above. Caesarcasino.com also

---

**3.** Only those persons who meet specific criteria regarding their use of a domain name and regarding bad faith intentions can be liable to the owner of a mark in a civil action brought under this act. 15 U.S.C. § 1125(d)(1), that is the "allowed defendants."

**4.** The court acknowledges that Network Solutions, Inc., is no longer the sole registrar of domain names although it recognizes that it is by far and away the largest one at this time.

**5.** The court does not construe this decision as inconsistent with the decision in *Porsche Cars v. Porsch.Com*, 51 F.Supp.2d 707 (E.D.Va. 1999). That case pre-dated the enactment of the Anticybersquatting Consumer Protection Act, and its enactment itself, in this court's view, provides the omission that Judge Cacheris found cast doubt on *in rem* jurisdiction in that case.

contends, however, that the Act's allowing more than one situs is additional reason for concern in this regard. The court, however, disagrees. The relevant provision, 15 U.S.C. § 1125(d)(2)(C) is no different than any other statutory venue provision, and such a venue provision is not precluded or unconstitutional because of *in rem* jurisdiction.

Finally, in some form, both defendants argue that this ruling opens the floodgates for Internet litigation in Virginia. While this argument is a tempting one to adopt, it does not in this court's view furnish a reason to deny jurisdiction.

## II. *Procedural Challenges*

 Defendant Caesarcasino.com also argues for dismissal based upon plaintiff's failure to follow required procedures for filing an *in rem* action under the Anticybersquatting Consumer Protection Act. In particular, defendant contends that for a valid *in rem* proceeding under § 1125(d), plaintiff must have first filed an action against a person, attempted personal service, and served by publication if personal service was not possible. Furthermore, according to defendant, the Act requires that plaintiff seek permission from the court to file *in rem*, and also, that plaintiff must establish that the domain name violates the rights of plaintiff before filing an *in rem* case.

The court concludes that this argument has no merit and that the pleading and service efforts extended here by plaintiff are sufficient under the Act. Furthermore, to force plaintiff to prove its case before filing would stand the Act on its head. And with respect to defendant's suggestion that the Act first requires the filing of an *in personam* suit, the court notes that defendants here do not make any contentions that they are amenable to personal jurisdiction. As such, an *in personam* action would be fruitless and a waste of resources in these circumstances for the court and for litigants.

## III. *Failure to state a claim*

While defendant Casares.com devotes little attention to his motion for failure to state a claim in its memoranda, the motion to dismiss on these grounds has been raised. The court finds, however, that the allegations as set forth in plaintiff's amended complaint are sufficient under Fed.R.Civ.P. 12(b)(6).

### Conclusion

For the above reasons, *in rem* jurisdiction under 15 U.S.C. § 1125(d) does not violate due process as to these defendants. Plaintiff has complied with the procedural requirements of 15 U.S.C. § 1125(d) for filing an *in rem* action against these defendants, and as pled, the action is sufficient to state a claim for relief under Fed. R.Civ.P. 12(b)(6). Accordingly, the motions to dismiss of defendant Casares.com (and other Netgame domain names) and of defendant Caesarsonline.com are denied.